While the author hereof was presiding in the Assignment Room of the Court of Common Pleas of this *Page 309 
County, we were presented with a petition by Edward McGrew, defendant in the above-entitled action, acting without counsel, by which said petition the defendant sought a rule requiring the plaintiff to show cause why the plaintiff "should not be restrained from selling or exposing for sale any of the defendant's real estate, and particularly the real estate described in the writ at the above number and term, and why sheriff's sale should not be set aside and judgment and fi.fa. declared null and void."
At the time the said petition was presented to us, counsel for William P. Simmons appeared in the Assignment Room and presented to us an answer to the defendant's petition. We made an examination of the petition and of the answer, and of the pleadings and the record in this case and ascertained the facts in so far as they appeared of record in the District Court of the United States for the Western District of Pennsylvania, and having so ascertained the facts, we refused the defendant's petition and noted him an exception.
The defendant has appealed from our order refusing his petition for rule, to the Supreme Court of this Commonwealth, at No. 70 March Term, 1944. We have been served with a notice of such appeal, and in compliance with Rule 58 of the Supreme Court, this opinion is filed. As will appear by the record in this case, the facts are as follows:
At D. S. B. No. 925 October Term, 1941, in this County, the plaintiff caused judgment, by confession, to be entered against the defendant upon a bond accompanying a mortgage which had been given by the defendant to the plaintiff. According to the judgment so confessed, the penal sum of said judgment was $8,800.00, and the real debt was $6,711.60. On November 1, 1930, the defendant signed, executed and delivered a bond and mortgage in the sum of $4,400.00 to the plaintiff. The mortgage accompanying said bond covered certain real estate situate in this County which belonged to the defendant *Page 310 
at the time the said bond and mortgage were executed by him. The defendant contends, and has contended, that the real debt secured by said bond and mortgage was $4,000.00, and not $4,400.00, as will appear by the terms of said bond and mortgage, but this question is not material to a disposition of the question now raised in this case.
On May 11, 1937, the defendant filed his petition in the District Court of the United States for the Western District of Pennsylvania, asking that he be declared a voluntary bankrupt. On July 21, 1937, the defendant was declared a bankrupt in the said District Court. These bankruptcy proceedings were terminated in the District Court, and from the order terminating said bankruptcy proceedings, the defendant took an appeal to the Circuit Court of Appeals at Philadelphia, which affirmed the decision of the District Court, and from such order of affirmation by the Circuit Court of Appeals, the defendant filed a petition for review before the Supreme Court of the United States. The said petition for review was refused by the Supreme Court of the United States, and by such action on the part of the Supreme Court, the order of the District Court became final and the bankruptcy proceedings were terminated.
On October 17, 1942, the defendant, Edward McGrew, again petitioned the United States District Court for the Western District of Pennsylvania under Section 75-S of the Bankruptcy Act, and upon said petition, all proceedings were ordered stayed by the District Court, pending the conclusion of such petition. These second proceedings were dismissed by the District Court, and from this order of dismissal, another appeal was taken by the defendant to the Circuit Court of Appeals at Philadelphia, and on August 18, 1943, an order was entered by the said Circuit Court of Appeals quashing the said appeal.
Judgment having been entered upon the judgment bond, as hereinbefore referred to, the plaintiff in this *Page 311 
case proceeded to issue a writ of fieri facias and the real estate was duly levied upon and was advertised for sale on the second Monday of September, 1941. Upon petition of the defendant, the said sale was stayed, and by the order of court staying the said sheriff's sale, it was provided that no further advertising would be required. This Court granted additional stays of said sale, upon petition of said Edward McGrew, on September 17, 1941, on April 30, 1942, on May 29, 1942, on October 30, 1942, on April 30, 1943, and on May 7, 1943, and the final stay was terminated May 8, 1943, and this Court ordered that the sale proceed, without further advertising, on May 10, 1943.
This Court having ordered the said property to be sold on May 10, 1943, the defendant then filed his petition in the said District Court, and the District Court ordered a further stay of all proceedings in this case until May 8, 1943, and on May 8, 1943, said District Court made the following order of court:
"And now, to-wit, this 8th day of May, 1943, the within matter having come on to be heard in open court all counsel being present. It is ordered, adjudged and decreed that the Petition of Debtor for Order to Restrain Sale of Real Estate in the Common Pleas Court of Allegheny County at No. Fi. Fa. 388 October, 1941, Sur D. S. B. 925 October, 1941, and No. Fi. Fa. 200 October Term, 1941 Sur D. S. B. 732 October Term 1941 is hereby denied and the order of stay entered May 7, 1943, is hereby vacated. PER CURIAM, F. P. SCHOONMAKER, Judge."
The Court and the said District Court having refused to grant any further stay of the sale in this case, and having ordered the property exposed for sale on May 10, 1943, the said real estate was exposed for sale on said date, and it was sold to the plaintiff for the sum of $1,309.96, this being the total amount of costs and delinquent taxes against the said real estate. Said sum of $1,309.96 was paid into the Sheriff's Office on September *Page 312 
15, 1943; the Sheriff's Deed conveying the said real estate to the plaintiff was acknowledged September 18, 1943, and there being no exceptions filed thereto, the same was confirmed in due course on September 27, 1943, and such Sheriff's Deed was delivered to the Recorder's Office of Allegheny County by the Sheriff of Allegheny County, on September 29, 1943, and duly recorded in the Recorder's Office.
At this point we wish to observe that the defendant has actual knowledge of each and every proceeding and of each and every order of court staying the proceedings involved in this case. In fact, most of such stays of proceedings were granted upon the petition of the defendant.
The defendant failed to file any exceptions or objections to the confirmation of the Sheriff's Deed, hereinbefore referred to. However, he did, on September 30, 1943, present a petition to this Court, by which he sought to except to the confirmation of the Sheriff's Deed and asked that he be permitted to file such exceptions nunc pro tunc. On September 30, 1943, this Court refused to grant the said petition of the defendant and entered an order of refusal, and noted an exception to the defendant. No appeal was taken from this order of this Court.
The present petition presented to this Court averred that this Court was without jurisdiction, and that the real estate in question is in the custody and control of the United States Courts, and that the proceedings under which said sale of real estate was had are acts not within the jurisdiction of this Court. The defendant further contends that the acts referred to are in violation of his constitutional rights, and as before stated, the defendant sought by said petition to obtain a rule upon the plaintiff "to show cause why the plaintiff should not be restrained from selling or exposing for sale any of the defendant's real estate, and particularly the real estate described in the writ at the above number *Page 313 
and term, and why sheriff's sale should not be set aside and judgment and fi. fa. declared null and void."
The facts being as hereinbefore set forth, and the Court being satisfied that the proceedings were regular, and that we did have jurisdiction, and that the real estate was not within the custody or control of the District Court of the United States for the Western District of Pennsylvania, and being further satisfied that the present petition was interposed by the defendant solely for the purpose of gaining delay, we refused the defendant's petition, and we think properly so.
Since the defendant in this case is now acting in person and does not now have counsel, in order to make certain that there are now no proceedings pending in the District Court of the United States for the Western District of Pennsylvania, we obtained a certificate from that Court which confirms the information we had obtained at the time we refused to grant the defendant's present petition, and which said certificate we are attaching to this opinion for the information of the Supreme Court of Pennsylvania.
Defendant appealed from the final order in each case.